# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**IKE SHAWNDALE NUNN, SR.**                                                   **PETITIONER**

VS.                     No:  4:21-cv-00972  KGB/PSH

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                          **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Ike Shawndale Nunn, Sr., ("Nunn"), an inmate in the custody of the Arkansas Division of Correction (ADC), filed this application for writ of habeas corpus pursuant to 28 U.S.C. §2254.[1]  Respondent Dexter Payne ("Payne") moves to dismiss this application as successive.  Nunn was notified of his opportunity to oppose the

---

[1] Nunn is serving a 480 month term of imprisonment for murder in the first degree.  His conviction was affirmed in 2013.  *Nunn v. State*, 2013 Ark. App. 282.

motion to dismiss, and has not responded.

Nunn, proceeding *pro se*, filed his first federal habeas corpus case in 2016. *See Nunn v. Kelley*, No. 5:16cv179. He challenged his conviction for first-degree murder, alleging several instances of ineffective assistance of his trial attorney, among other things. The petition was dismissed and the request for a certificate of appealability was denied in August of 2017. On appeal, the Eighth Circuit Court of Appeals dismissed the appeal and denied Nunn's application for a certificate of appealability. In October of 2018, the United States Supreme Court denied Nunn's petition for a writ of certiorari.

In March of 2019, Nunn sought permission from the Eighth Circuit Court of Appeals to file a second or successive petition with this Court. The petition was denied in July of 2019.

In December of 2019, Nunn again sought permission from the Eighth Circuit Court of Appeals to file a second or successive petition with this Court, this time arguing that the existence of "newly discovered evidence" supported his request. The Eighth Circuit Court of Appeals denied Nunn's request in March of 2020.

In April of 2020, Nunn once again sought permission from the Eighth Circuit Court of Appeals to file a second or successive petition with this Court. The request was denied in July of 2020.

Nunn filed the instant petition on October 13, 2021. Although the pleading claimed to be a petition for relief pursuant to 42 U.S.C. § 1983, Nunn sought as relief a declaration that his murder conviction was unconstitutional. As a result, the

pleading was docketed as a petition for habeas corpus relief. A petition challenging the validity of his conviction is an application for writ of habeas corpus, regardless of the style of the pleading. *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall* move in the appropriate court of appeals for an order authorizing the district court to consider the application." (Emphasis added). The statutory language is clear that permission must be received before the filing of the successive petition with the district court. *Burton v. Stewart*, 549 U.S. 147 (2007). "The long and short of it is that Burton neither sought nor received authorization from the Court of Appeals before filing his" successive petition, and the District Court was therefore without jurisdiction to entertain it. *Id.* at 157.

Given Nunn's failure to obtain the requisite permission from the Eighth Circuit Court of Appeals, the Court recommends that Payne's motion to dismiss (docket entry no. 18) be granted and the petition be dismissed without prejudice pending an order from the Eighth Circuit Court of Appeals containing authorization for filing.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional

right. Thus, it recommends that the certificate of appealability be denied.

    IT IS SO RECOMMENDED this 22nd day of March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE